**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FRANKLIN B. BROWN,**

        **Petitioner**,

   v.          **Civil No. 9:00-CV-290**
               **(GLS/GHL)**
**GEORGE B. DUNCAN,**
**Superintendent, Great Meadow**
**Corr. Facility,**

        **Respondent.**
_____

**APPEARANCES:**      **OF COUNSEL:**

**FOR THE PETITIONER:**

FRANKLIN BROWN
Plaintiff, *Pro Se*
No. 94-B-0769
Auburn Corr. Facility
P.O. Box 618
Auburn, New York 13024

**FOR THE RESPONDENT:**

HON. ELIOT SPITZER    SENTA B. SIUDA
New York State Attorney General  Assistant Attorney General
The Capitol
Albany, New York 12224-0341

**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM DECISION AND ORDER

## I. Introduction

Pending are Franklin Brown's objections to Magistrate Judge George H. Lowe's Report-Recommendation. *See Pet.'s Objections, Dkt. No. 31.* Specific objections will be reviewed under a *de novo* standard, while unspecific objections will be reviewed under a clearly erroneous standard. Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.[1]

## II. Background

On February 16, 2000, Brown filed a *habeas corpus* petition under 28 U.S.C. § 2254, challenging his New York state conviction for burglary in the third degree, and his subsequent sentence of twenty years in prison. *See Pet., Dkt. No. 1.* On April 12, 2004, Brown moved to amend his petition. *See Dkt. No. 24.* On September 29, Judge Lowe issued a report recommending that Brown's petition be dismissed and denied. *See*

---

[1] The Clerk is directed to append Judge Lowe's Report-Recommendation to this decision, and familiarity is presumed. *See Dkt. No. 29.*

*Report-Recommendation, Dkt. No. 29.* Brown's objections are now pending. *See Pet.'s Objections, Dkt. No. 31.*

### III. Discussion[2]

### A. Standard of Review

By statute and rule, district courts are authorized to refer *habeas corpus* petitions to magistrate judges for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(A) & (B); Rules 8 & 10 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. § 2254.

When a report and recommendation is filed, the parties have ten (10) days from receipt of the report to file specific, written objections to proposed findings and recommendations, and ten (10) days from the receipt of adversary objections to file responses. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c). The local rules further require that the objections must specify the findings and recommendations which are the subject of the objections, and the substantive basis for these objections. *See* N.D.N.Y. R. 72.1(c).

---

[2] The court adopts the factual summary contained in Magistrate Judge Lowe's Report-Recommendation, dated September 22, 2004, and assumes familiarity with the facts alleged in Brown's petition. *See Dkt. Nos. 29, 31*.

3

The rules governing objections to report-recommendations in the *habeas corpus* context are the same rules applicable to social security petitions. The district court must review *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c). After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... [and] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

If a party fails to object in a timely manner, it procedurally defaults and is not entitled to judicial review. *See Almonte v. New York State Div. of Parole*, No. 04-CV-484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006) (citation omitted). "Although the doctrine of procedural default developed as a circuit appellate rule, it applies in the district courts as long as parties, including those appearing *pro se*, receive clear notice of the consequences of their failure to properly object." *Id*; *see also Thomas v. Arn*, 474 U.S. 140, 149 & n.7 (1985). "[T]he notice requirement is satisfied if the report at least states that the failure to object will preclude appellate review[.]"

4

*Almonte*, 2006 WL 149049, at *3 (citation omitted).

Although failure to object or timely object constitutes procedural default, lack of specificity also gives rise to default. *See id.*, at *4. The local rule requires that objections address specific findings and conclusions. *See id.* Therefore, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder. *See id.* Frivolous or conclusory objections also fail to satisfy the specificity requirement. *See id.* Furthermore, mere resubmission of the same papers and arguments as submitted to the magistrate judge fails to comply with the specificity requirement and also results in default. *See id.*

The district court must review *de novo* those portions of the magistrate judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement. *See id.,* at *5; see also* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).[3] "*De novo* review requires that the court 'give fresh consideration

---

[3]The decision to use procedural default is in the discretion of the district court. *See Almonte,* 2006 WL 149049, at *4 (citation omitted). "Such discretion is based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulted party." *Id.* (citation omitted). "As the Supreme Court has observed:
'[T]he district court...must exercise supervision over the magistrate. Even ... [if a

5

to those issues to which specific objections have been made.'  It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *Almonte*, 2006 WL 149049, at *5 (citation omitted).  After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge...[and] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *see also Almonte*, 2006 WL 149049, at *3 (citations omitted).

"The more complex question arises when a party procedurally defaults, the court is not statutorily mandated to conduct *de novo* review nor does it elect to do so, but it concludes that some review is in order nonetheless." *Almonte*, 2006 WL 149049, at *5*.  Under these circumstances, it is within the court's discretion to elect an appropriate review standard.  *See id.*

---

procedural default rule permits a] ... district judge ... to refuse to review a magistrate's report absent timely objection ... [t]he rule merely establishes a procedural default that has no effect on the ... court's jurisdiction.  The district judge has jurisdiction over the case at all times.  He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment.  Any party that desires plenary consideration need only ask.  Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review, *sua sponte* or at the request of a party, under a *de novo* or any other standard.'" *Id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 154 (1985)).

6

In the case of procedural default, "28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure are both silent on the review standard[.]..." *Id.* "[D]istrict courts have applied standards with varying names and definitions." *Id.,* at *6*. "[S]ome adopt the 'clearly erroneous' standard that is articulated in the statute and federal rule governing review of a magistrate judge's nondispositive orders, and referenced in the 1983 Advisory Committee Note."[4] *Id.* (citations omitted). "Given the definition typically assigned to 'clearly erroneous,' the courts review a report to determine whether the findings are against the clear weight of the evidence, or whether the recommendations cause the court to definitely and firmly conclude that a mistake has been committed." *Id.* "Other courts have adopted a 'contrary to law' standard which means that the report fails to apply, or misapplies, relevant statutes, case law, or rules of procedure." *Id.* (citations omitted). "When excusing procedural default in the interests of justice, the Circuit has reviewed the underlying decision or report for

---

[4]"The Rule 72(b) Advisory Committee Note suggests that the court will review for 'clear error,' stating:
'When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" FED. R. CIV. P. 72(b) advisory committee's note (1983) (citations omitted); *see also Almonte*, 2006 WL 149049, at *5 (citations omitted).

7

'plain error.'" *Id.* (citations omitted). "Plain error is one that is clear or obvious and affects substantial rights." *Id.* (citations omitted).

"Mindful that district courts retain jurisdictional authority over all dispositive issues, this court routinely reviews reports before entering final judgment whether objections are registered or not." *See Almonte*, 2006 WL 149049, at *6. When the court does so, however, it is aware that the reports are generated by magistrate judges with extraordinary professional and judicial experience." *Id.* "Accordingly, when required by statute or rule or when the court's routine review so dictates, the court will make a *de novo* determination of findings and recommendations." *Id.* "Absent *de novo* review, the court will apply a 'clearly erroneous' standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Id.* "Furthermore, the court will routinely identify issues which have been procedurally defaulted, and articulate the standard of review applied to all issues." *Id.*

**B.  Objections**

    **1. Ineffective Assistance of Trial Counsel**

    Brown does not offer any specific factual or legal objections to Judge

8

Lowe's denial of his ineffective assistance of counsel claim. *See Pl. Objections*, *pp. 3-4; Dkt. No. 31.* Instead, Brown asks the court to conduct a *de novo* review of whether a hearing is necessary to further develop the record. *See id.* Further, he contends that his appellate brief outlines the errors made by his trial counsel and that his former counsel should be made to explain these errors at a hearing. *See id.*

The "district court has broad discretion to hear further evidence in habeas cases," and depending on the circumstances, an additional hearing may be held if the district court deems it appropriate. *Nieblas v. Smith*, 204 F.3d 29, 31 (2d Cir. 1999) (citation omitted); *see also Jones v. Vacco,* 126 F.3d 408, 417 n.2 (2d Cir. 1997) (citation omitted).

Here, Brown's request for a *de novo* review of the record is misplaced because his objections add nothing new to the analysis. Instead, he seeks to revisit his previous contentions which were already considered by Judge Lowe. Therefore, the appropriate standard is clear error. For the reasons that follow, Judge Lowe properly denied Brown's ineffective assistance of counsel claim.

Brown's petition claimed three separate grounds for ineffective assistance of counsel: 1) counsel's pretrial motion did not address the

9

intent to commit burglary, (2) counsel did not interview the only witness before trial, and (3) counsel abused drugs. *See Dkt. No. 1.* Overall, however, Brown has failed to show that any of these deficiencies would have resulted in a different trial outcome. *See Report-Recommendation, p. 16; Dkt. No. 29*; *see also Rosario v. Bennett*, 01-CV-7142, 2002 WL 31852827, at *27 (S.D.N.Y. Dec. 20, 2002) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

First, as Judge Lowe noted, while his attorney did not make a pretrial motion, he did in fact make an oral motion after the prosecution rested challenging its failure to make a *prima facie* case of all the elements. *See Report-Recommendation, pp. 16-17; Dkt. No. 29*. In response to the motion, the trial judge determined that intent was a question of fact for the jury and denied the motion. *See id.* As Judge Lowe concluded and as this court concurs, any pretrial motion addressing intent would not have made a significant difference in the trial's outcome. *See id.*

Next, Brown claims that his attorney failed to familiarize himself with the law and failed to interview a witness before the trial. As Judge Lowe also noted and as this court concurs, Brown has failed to point out what additional preparation his attorney should have done or identify evidence,

10

that if uncovered, would have made a difference in the outcome of the trial. *See Report-Recommendation, p. 17; Dkt. No. 29.* A claim of ineffective assistance of counsel based upon failure to investigate or interview witnesses fails when the allegations are conclusory and do not show what evidence could have been uncovered to result in a different trial outcome. *See Polanco v. U.S.*, 99-CV-5739, 2000 WL 1072303, at *10 (S.D.N.Y. Aug. 3, 2000) (failure to investigate a claim is insufficient because petitioner "does not say precisely what counsel would have learned or how counsel would have learned it")). As Judge Lowe concluded and as this court concurs, Brown has failed to show how his former counsel's failure to interview a witness would have made a significant difference in the trial's outcome.

Lastly, Brown alleges that his trial counsel abused drugs, which affected his representation. As Judge Lowe further noted and this court concurs, the record does not support this contention and that upon further investigation, the trial judge found no evidence substantiating this claim. *See Report-Recommendation, pp. 17-18; Dkt. No. 29.* Following a review for clear error, and having considered Brown's request for a hearing, the court concludes that a hearing is not necessary because he has failed to

11

provide sufficient evidence for an ineffective assistance of counsel claim. Accordingly, his claim is denied.

### 2. Motion to Amend

Brown wishes to amend his petition to include a challenge to his sentence based on *Apprendi v. N.J.*, 530 U.S. 466 (2000). *See Pet. Objections, p. 1; Dkt. No. 31.* Specifically, he claims that Judge Lowe should have retroactively applied *Apprendi* to his case but instead improperly applied the analysis set forth in *Teague v. Lane*, 490 U.S. 1031 (1989). *See id. at 2.*

Judge Lowe found that *Apprendi* should not be retroactively applied to the present petition because (1) the Supreme Court has not clearly stated that *Apprendi* should be applied retroactively to § 2254 petitions; and (2) *Apprendi* has been determined to not be retroactively applied to § 2255 motions, which are analogous to § 2254 petitions. *See Report-Recommendation, pp. 6-8; Dkt. No. 29.* Other Circuit Courts have also held that *Apprendi* does not retroactively apply to § 2254 petitions. *See, e.g., Reynolds v. Cambra,* 290 F.3d 1029, 1030 (9th Cir. 2002) (citation omitted); *see also Hartman v. Lee*, 283 F.3d 190, 192 n.2 (4th Cir. 2002). This court concurs with Judge Lowe's finding that *Apprendi* does not

12

retroactively apply. Accordingly, Brown's motion to amend is dismissed.

### III. Conclusion

Having reviewed Brown's specific objections *de novo*, and the remainder for clear error, this court accepts and adopts the recommendation of Judge Lowe for the reasons stated in the September 22, 2004 Report-Recommendation, in its entirety.

**WHEREFORE**, it is hereby

**ORDERED**, that Brown's petition is **DISMISSED** and the relief sought is **DENIED**; and it is further

**ORDERED**, that the clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

July 11, 2006
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

13